IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JIM CHATMAN COOPER, JR.,

      Plaintiff,                     No. CIV S-07-0080 LKK GGH P

    vs.

LASSEN COUNTY SHERIFF'S
DEPARTMENT, et al.,

      Defendants.

_____/                     ORDER

        Plaintiff, a state parolee proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court is defendant Lassen County Sheriff's Department and defendant Deputy Shaun Gualco's motion to strike the amended complaint, filed on November 19, 2007, to which plaintiff filed no opposition.

        By Order filed on April 12, 2007, certain claims and defendants were dismissed from the original complaint and plaintiff was granted leave to amend. Plaintiff did not file an amended complaint but, in a response filed on May 17, 2007, indicated that he wished to proceed as to the claims found colorable in the original complaint. By Order filed on June 21, 2007, the court found plaintiff's original complaint, filed on January 12, 2007, appropriate for service upon defendants Lassen County Sheriff's Dept. and Lassen County Sheriff's Deputy Gualco; on the

1

same day, the court filed Findings and Recommendations, recommending dismissal of defendants Martin, Zielen and Warren, which Findings and Recommendations were adopted by Order, filed on September 13, 2007, and these defendants were dismissed.  On August 2, 2007, the court ordered service of the original complaint on the remaining defendants.  On October 9, 2007, defendants Lassen County Sheriff's Dept. and Deputy Gualco filed an answer.

One month later, on November 9, 2007, plaintiff purported to file an amended complaint.  In the motion to strike filed by defendants, pursuant to Fed. R. Civ. P. 12(f), they note that plaintiff failed to file a motion seeking the court's leave to amend.  Motion, p. 2.  Under Fed. R. Civ. P. 15(a)(1)(A), a party may amend his/her complaint once as a matter of course before having been served with a responsive pleading, but as noted in this case, an answer had been filed.  Thus, plaintiff was permitted to proceed only pursuant to Fed. R. Civ. P. 15(a)(2), that is, "only with the opposing party's written consent or the court's leave."

However, the court is also constrained by the applicable rule, as well, to "freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  In this case, despite defendants' objections to the amended complaint on the grounds that plaintiff failed to comport with procedural requirements, and their (somewhat conclusory) contention that the claims of the amended complaint are frivolous, and deficient as well for his failure to plead compliance with the California Tort Claims Act (see motion to strike, supporting memorandum and supporting declaration), and despite plaintiff's inexplicable failure to oppose the motion to strike, the court's review of the amended complaint reveals that it is a significant improvement upon the original complaint for several reasons.

In the first place, the amended complaint references only the defendants against whom this action is now proceeding.  Second, the claims, the gravamen of which are that defendants violated plaintiff's Eighth Amendment rights by subjecting him to excessive force, are more clearly and coherently set forth.   Third, plaintiff plainly sets forth the relief he seeks. For these reasons, the court will deny defendants' motion to strike, despite plaintiff's

1 procedurally defective method of filing the complaint, and will deem the amended complaint
2 filed as of the date of this order.  Defendants will be granted leave to file an amended answer,
3 should they seek to do so, within thirty days, or otherwise will be deemed to be relying on their
4 previously filed answer.
5         Accordingly, IT IS ORDERED that:
6         1. Defendants' motion to strike the amended complaint, filed on November 19,
7 2007 (# 20), is denied;
8         2. The amended complaint, defectively filed on November 9, 2007 (#19), shall be
9 deemed to have been filed on the date this order is filed; and
10         3. Defendants may file an amended answer within thirty days; or if they elect not
11 to do so, the answer previously filed on October 9, 2007, will be deemed to be their answer to the
12 amended complaint.
13 DATED: 04/22/08

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

16 GGH:009
coop0080.mts