IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JIM CHATMAN COOPER, JR.,

    Plaintiff,                      No. CIV S-07-0080 LKK GGH P

    vs.

LASSEN COUNTY SHERIFF'S
DEPARTMENT, et al.,

    Defendants.

_____/        <u>ORDER</u>

        Plaintiff, a state parolee proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983. This action was filed on January 12, 2007, and is now proceeding on plaintiff's first amended complaint, which has been deemed filed as of April 22, 2008, pursuant to an order, filed on that same date. See docket entry # 29 and # 30. Pending before the court at this time is defendant Lassen County Sheriff's Department and defendant Deputy Shaun Gualco's motion to compel discovery responses, filed on April 22, 2008, to which plaintiff filed no opposition, and for which the hearing date will be herein vacated.

        In the order directing service of the complaint, the following was stated:

> If plaintiff is released from prison at any time during the pendency
> of this case, any party may request application of other provisions
> of Local Rule 78-230 in lieu of Local Rule 78-230(m). In the
> absence of a court order granting such a request, the provisions of

1

1       Local Rule 78-230(m) will govern all motions described in #7
above regardless of plaintiff's custodial status.  See Local Rule
2       1-102(d).

3 Order, filed on August 2, 2007, p. 3.

4       As plaintiff filed a notice of change of address on October 5, 2007 (# 16), it
5 appears that plaintiff was released from custody at least by that date; however, it also appears that
6 no party requested application of the other provisions of Local Rule 78-230 in place of Local
7 Rule 78-230(m) at that time and the court has not to date issued an order addressing the issue.
8 Therefore, as Local Rule 78-230(m) still governed, regardless of plaintiff's custody status, at the
9 time defendants' motion to compel was filed, this matter should not have been set for a hearing
10 of oral argument upon the motion. See Local Rule 78-230(m) ("All motions...filed in cases
11 wherein one party is incarcerated and proceeding in propria persona, shall be submitted upon the
12 record without oral argument unless otherwise ordered by the Court.").   Therefore, the hearing
13 will be vacated on that basis, but the court will direct that in future this action will no longer be
14 governed by L.R. 78-230(m).

15       The undersigned notes, nevertheless, that even if the other provisions under L.R.
16 78-230 had governed this case at the time of the filing of defendants' motion, the hearing date
17 would have been subsequently vacated because plaintiff has failed to file any opposition to the
18 motion. See E.D. Local Rule 78-230(c), which states, in relevant part, that "[n]o party will be
19 entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has
20 not been timely filed by that party."

21       Regarding the merits of defendants' motion to compel responses to their first set
22 of interrogatories and first set of requests for production of documents, defendants contend that
23 plaintiff has failed to provide altogether to respond to interrogatories propounded under Fed. R.
24 Civ. P. 33 and failed to produce documents under Fed. R. Civ. P. 34.  As noted, plaintiff failed to
25 file any opposition.  Local Rule 78-230(m) provides in part: "Failure of the responding party to
26 file written opposition or to file a statement of no opposition may be deemed a waiver of any

opposition to the granting of the motion . . . ." In the order, filed on August 2, 2007, referenced earlier, plaintiff was advised that failure to oppose timely, inter alia, "motions concerning discovery.... may be deemed a waiver of opposition to the motion." The court observes that plaintiff previously failed to file any opposition to defendants' prior motion to strike the amended complaint, but the court nevertheless permitted the filing of the amended complaint. See Order, filed on April 22, 2008 (# 29). In this instance, however, it begins to appear as though plaintiff is engaging in a pattern of failing to prosecute this action. In any event, it is not a function of the court to construct an argument on plaintiff's behalf where he has wholly abdicated his responsibility to respond to defendants' present motion.

Deeming plaintiff's failure to file any opposition to defendants' motion to compel a waiver of opposition, the court will grant the motion and direct that plaintiff serve responses to defendants' interrogatories and production in response to the requests for production at issue within twenty days. Plaintiff must also file proof of service of his discovery responses upon the court (but not the substantive discovery responses or production) within twenty days as well.

Accordingly, IT IS ORDERED that:

1. The May 22, 2008, hearing date set for defendants' April 22, 2008 (# 26) motion to compel discovery is hereby vacated from the court's calendar;

2. Defendants' April 22, 2008 (# 26), motion to compel responses to defendants' first set of interrogatories and production in response to defendants' first set of requests for production propounded upon plaintiff is granted, and plaintiff must provide responses to the interrogatories and responses/production to the requests for production within twenty days, and must file proof of service of same upon the court, also within twenty days;

3. This case is no longer governed by L.R. 78-230(m), but instead the other provisions of L.R. 78-230 shall apply to this action from the date of this order.

DATED:   05/20/08                           /s/ Gregory G. Hollows
                                            UNITED STATES MAGISTRATE JUDGE
GGH:009/coop0080.mtc