1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JIM CHATMAN COOPER, JR.,

11              Plaintiff,              No. CIV S-07-0080 LKK GGH P

12        vs.

13
     LASSEN COUNTY SHERIFF'S
14   DEPARTMENT, et al.,

15              Defendants.            FINDINGS AND RECOMMENDATIONS

16   _____/       _____

17              Plaintiff, a state parolee proceeding pro se and in forma pauperis, seeks relief

18   pursuant to 42 U.S.C. § 1983.  Pending before the court is defendant Lassen County Sheriff's

19   Department and defendant Deputy Shaun Gualco's motion to dismiss, filed on June 23, 2008, to

20   which plaintiff filed no opposition.   On July 24, 2008, Kristina Hall represented defendants at

21   the scheduled hearing on the motion while plaintiff pro se made no appearance.

22              Defendants' motion to dismiss is predicated on plaintiff's failure to provide

23   discovery responses, as he had been directed to do by this court.  Motion to Dismiss (MTD), pp.

24   1-5; Kristina Hall Declaration.  When defendants had earlier filed a motion to compel, plaintiff

25   failed to oppose it.  As defendants contend, in an Order, filed on May 20, 2008, the undersigned

26   ordered plaintiff to respond to defendants' discovery requests within twenty days.  In the May 20,

                                        1

2008, Order, granting defendants' unopposed motion to compel discovery, the court observed

that although plaintiff had failed to file any opposition to defendants' previous motion to strike,

the undersigned nevertheless had allowed plaintiff to file an amended complaint (referencing an

Order, filed on April 22, 2008).  Stating that L.R. 78-230(m) provides, in part, "Failure of the

responding party to file written opposition or to file a statement of no opposition may be deemed

a waiver of any opposition to the granting of the motion . . . .," plaintiff was found as to the

unopposed motion to compel to have waived opposition – the court noting, with regard to the

repeated failure of plaintiff to oppose defendants' motions that:

> [I]t begins to appear as though plaintiff is engaging in a pattern of
> failing to prosecute this action. In any event, it is not a function of
> the court to construct an argument on plaintiff's behalf where he
> has wholly abdicated his responsibility to respond to defendants'
> present motion.

Order, filed on May 20, 2008, p. 3.

Defendants contend in their pending dismissal motion that plaintiff subsequently

failed to comply with the May 20, 2008, order either in serving the discovery responses or in

filing in this court proof of service of same.  MTD, p. 2; Kristina Dec. ¶ 3.  Defendants argue that

plaintiff's inaction is a violation of the court's order and assert that "[c]onsistent with the Court's

observation, Plaintiff continues his pattern of intransigence in failing to prosecute the action that

he filed."  MTD, p. 2.

In the Order, filed on May 20, 2008, the court, noting that plaintiff, a parolee, had

been released from custody, ruled that this case was no longer governed by the provisions of L.R.

78-23(m), but that hence forward the other provisions of L.R. 78-230 would apply.  As to the

pending motion to dismiss, therefore, under L.R. 78-230(c), plaintiff was required to file written

opposition within fourteen (14) days of the filing of the noticed motion or to file a statement of

non-opposition.  Pursuant to E. D. Local Rule 78-230(j), failure to appear at the hearing is

deemed a statement of non-opposition to the granting of the motion and may result in sanctions.

Local Rule 11-110 provides that failure to comply with the Local Rules "may be grounds for

1  imposition of any and all sanctions authorized by statute or Rule or within the inherent power of

2  the Court."   Finally, Local Rule 83-183, governing persons appearing in propria persona,

3  provides that persons representing themselves are bound by the Federal Rules and the Local

4  Rules and failure to comply therewith may be ground for dismissal, judgment by default, or other

5  appropriate sanction.

6          Although failure to provide timely written opposition to the motion to dismiss

7  signified that plaintiff was no longer entitled to be heard at oral argument, the court nevertheless

8  did not vacate the properly noticed motion in order to provide plaintiff pro se a final opportunity

9  to explain his evident neglect of his own action.  As noted, however, plaintiff once again failed to

10  file an opposition to a pending motion; neither did he file a statement of non-opposition or make

11  an appearance at the hearing.  In their motion, defendants seek dismissal as a sanction for

12  plaintiff's failure to comply with the court's order and with his discovery obligations.  MTD, p.

13  4.

14          "Failure to follow a district court's local rules is a proper ground for dismissal."

15  Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).[1] The court should consider: (1) the public's

16  interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the

17  risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their

18  merits, and (5) the availability of less drastic sanctions.  Pro se litigants are bound by the rules of

19  procedure, even though pleadings are liberally construed in their favor.  King v. Atiyeh, 814 F.2d

20  565, 567 (9th Cir. 1987); Jacobsen v. Filler, 790 F.2d 1362, 1364-65 (9th Cir.1986) .

21          In determining to recommend that this action be dismissed, the court has

22  considered the five factors set forth in Ghazali, 46 F.3d at 53.  Plaintiff's failure to comply with

23  the Local Rules has impeded the expeditious resolution of the instant litigation and has burdened

24

25          [1] Moreover, failure to obey court orders is a separate and distinct ground for imposing the
sanction of dismissal.  See Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir.
26  1987) (setting forth same factors for consideration as Ghazali).

3

1  the court's docket, consuming scarce judicial resources in addressing litigation which plaintiff

2  demonstrates no intention to pursue.  Although public policy favors disposition of cases on their

3  merits, plaintiff's repeated failure to oppose defendants' motions has precluded the court from

4  doing so.  In addition, defendants are prejudiced by the inability to reply to opposition.

5  Moreover, the court has repeatedly advised plaintiff of the requirements under the Local Rules

6  and even gone so far as to permit plaintiff to file an amended complaint absent either a motion

7  for leave to amend and any opposition to defendants' motion to strike the amended complaint.

8  See Order, filed on April 22, 2008.  Furthermore, a district court may dismiss an action for

9  failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Link v. Wabash R.R.,

10  370 U.S. 626, 633 (1962); McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991).  Plaintiff's

11  failure to prosecute his action has been in evidence for an extended period.[2]

12       Accordingly, IT IS RECOMMENDED that defendants' unopposed motion to

13  dismiss this action, filed on 6/23/08 (# 35), be granted; this court further recommends dismissal

14  of this action with prejudice, pursuant to Fed. R. Civ. P. 41(b).

15       These findings and recommendations are submitted to the United States District

16  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

17  days after being served with these findings and recommendations, any party may file written

18  objections with the court and serve a copy on all parties.  Such a document should be captioned

19  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

20  shall be served and filed within ten days after service of the objections.  The parties are advised

21  \\\\\

22  \\\\\

23  \\\\\

24

25  [2] Plaintiff's extremely belated "request for maximum time waiver," filed on July 21, 2008, does not set forth, to the extent legible, any creditable rationale for plaintiff's repeated failure to comply with the Local Rules or with his failure to honor his discovery obligations or to

26  comply this court's order.

that failure to file objections within the specified time may waive the right to appeal the District

Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 08/04/08

/s/ Gregory G. Hollows

_____

UNITED STATES MAGISTRATE JUDGE

GGH:009
coop0080.dis